**Craig W. DRUEN, Appellant (Petitioner below),**

v.

**Robert C. SHOOK, Prosecuting Attorney for Johnson County, Indiana, Bureau of Motor Vehicles, Michael M. Packard, Commissioner of Bureau of Motor Vehicles, and State of Indiana, Appellees (Respondents below).**

No. 41S04–8906–CV–501.

Supreme Court of Indiana.

June 30, 1989.

John P. Wilson, Wilson, Limeberry & Tandy, Greenwood, for appellant.

Robert C. Shook, Pros. Atty. for Johnson County, Franklin, Linley E. Pearson, Atty. Gen., Indianapolis, for appellees.

DICKSON, Justice.

In an unpublished memorandum decision, the Court of Appeals affirmed the trial court's finding against Craig W. Druen. Druen had sought judicial review of a Bureau of Motor Vehicles determination that he was a habitual traffic violator. We grant transfer and reverse.

The Bureau notified Druen that he had been determined to be a habitual traffic violator and that his license would be suspended for five years. Upon judicial review, the parties submitted the case upon Druen's Exhibits A and B. Exhibit A is the notification letter, which lists 11 convictions. Exhibit B is a certified copy of Druen's driving record, which lists 10 convictions. The trial court made no findings of fact, but issued an order finding in favor of the State and against Druen.

 On appeal, Druen argues that the trial court wrongly included a 1979 Georgia conviction for speeding in calculating the required 10 convictions under Ind.Code § 9–12–1–4(d). The Bureau conceded that the Georgia conviction should not have been considered and that Druen's petition for judicial review should not have been denied. The Court of Appeals agreed that Ind.Code § 9–12–1–7 defines "violation," as used in Ind.Code § 9–12–1–4, to include only violations of Indiana law.

■ However, because the trial court had made no findings, the Court of Appeals noted that it did not know whether the trial court included the Georgia conviction in its calculation. Because it was bound to affirm the trial court if supported by any legal ground on the record, the Court of Appeals held that the exhibits provided otherwise sufficient evidence to sustain the judgment. We disagree.

The Court of Appeals set out Druen's 1981 conviction for reckless driving as satisfying the requirement that at least one of his judgments must be of the type specified in Ind.Code § 9–12–1–4(c). It then listed 12 additional dates and found these "convictions for other offenses" satisfied the remaining requirements of Ind.Code § 9–12–1–4(d).

As Druen points out in his Petition for Transfer, five of these dates are either not convictions or were no longer part of his driving record. Two of the dates represent convictions that were vacated and expunged from Druen's record following the grant of a prior post-conviction relief petition. Another date represents a speeding charge that resulted in a finding of not guilty. A fourth date was an entry on Druen's driving record of "SUSP D/I," which is an administrative suspension for driver improvement, *see* Ind.Code § 9–4–1–127.1(c), and not a separate violation that may be counted toward habitual violator status. The final date shows an entry of "SUSP D/I HTO," which is also an administrative determination and is in fact the finding that initiated the original petition for judicial review in this case.

Thus, even counting Druen's conviction for an equipment violation, which the Court of Appeals excluded (An amendment effective in February 1988, after Druen's determination, specifically excludes equipment violations from the habitual violator calculation.), Druen's driving record shows only nine convictions. This evidence is insufficient to support a finding that Druen is a habitual traffic violator.

We therefore grant transfer, vacate the opinion of the Court of Appeals, reverse the trial court, and remand to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.